GLADNEY, Judge.
Appellant herein, Joe D’Avanzo, sties to recover $200 in wages allegedly contracted with appellee, Shreveport Restaurants; Inc., by verbal agreement, and, pleading alternatively, relief is sought upon a quantum meruit basis. The demands are resisted on grounds that no contract was entered into and the services of appellant were not performed for the benefit of appellee. In the district court judgment was rendered with assignment of written reasons, rejecting the demands of plaintiff, holding in effect that D’Avanzo failed to establish the alleged contract and that the evidence adduced was insufficient to sustain the value of 'any services if considered as rendered upon a quantum meruit basis.
The record reflects that appellant, for personal reasons, became interested in establishing a restaurant for his friend, Mrs. Clyde Sayers, and negotiated with W. Theron Roberts and W. C. Roberts of Shreveport for the purpose of advancing" all of the necessary funds therefor. The Roberts were public accountants and, aftér agreeing to assist the enterprise financially, formed a corporation to be known as Shreveport Restaurants, Inc., with W. Theron Roberts, W. C. Roberts and Mrs. Sayers each subscribing to one-third of the capital stock. It was contemplated that the stock of Mrs. Sayers would be paid for from the earnings of the business.'
A location for the restaurant was found in Leesville, Louisiana, and leased in the name of Mrs. Sayers. Business was commenced on March 9, 1951, with Mrs. Sayers drawing a salary of $50- per wfeek. Social Security returns filed in. evidence do not list appellant as an employee although he testified he constantly rendered services by purchasing merchandise, employing and supervising the necessary personnel, and generally performing all the duties required of a manager. Mn W. C.. Roberts was also present, at the restaurant much of the time but his service's seem" to have been only connected wit-h the handling "and disbursement of receipts. . ■ • ""
The testimony of D’Avanzo relating "to a verbal contract was denied by the two Roberts and C. S. Rockefeller, an associate óf the Roberts and-a named official of the corporation. That appellant busied himself in the affairs of the corporation was admitted, but the preponderance of the evidence is that such services by D’Avanzo were for the purpose, as expressed by him, of teaching Mrs. Sayers to manage and operate the business. Mrs. Sayers was not called as a witness. Appellant made no serious attempt to establish the value of his services to defendant, and for this reason alone there can be no recovery upon a quantum meruit basis.
*700 Our Opinion is the same as that of the judge a quo- that the verbal contract sued upon was not established, and that the services -rendered by appellant during the operation of the restaurant were for the personal assistance of Mrs. Sayers and did not inure to the benefit of the defendant corporation. There is no substantial evidence to support the existence of an obligation upon which recovery by appellant can be predicated.
The judgment from which appealed is affirmed at appellant’s cost.